IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD ALAN BOULDEN,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　No. 2:21-cv-00440-KWR-GBW

DWAYNE SANTISTEVAN, *et al.*,

    Defendants.

## ORDER ON PRE-SCREENING MOTIONS

**THIS MATTER** is before the Court on Plaintiff's Motion for Pre-Screening Relief (Doc. 42) and Motion to Appoint Counsel (Doc. 44). Plaintiff is incarcerated and proceeding *pro se* in this prisoner civil action. In the first motion, he asks this Court to "order this action to move forward" along with an "immediate release from state custody." (Doc. 42 at 2). This case is not stayed, and the Amended complaint filed February 22, 2022 will be reviewed under 28 U.S.C. § 1915A in the ordinary course. As to a release from custody, such remedy is not available in a civil action. "[S]tate prisoners use only habeas corpus … remedies when they seek to invalidate the duration of their confinement" or "compel[] [a] speedier release." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). Plaintiff has a pending habeas matter in this Court, *see Bolden v. Stephenson,* 22-cv-411 WJ-GJF, and he must seek a release from custody in that matter. Consequently, the Motion for Pre-Screening Relief (Doc. 42) will be denied.

With respect to the remaining motion, "[c]ourts are not authorized to appoint counsel in [civil] … cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis. *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). This decision is a matter of discretion. *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). Relevant factors include "the merits of the

claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. Plaintiff acknowledges courts generally do not provide civil counsel but argues his case has merit; counsel can assist in obtaining material evidence and addresses; and civil proceedings must be fundamentally fair. These arguments do not persuade the Court to take the extraordinary step of contacting local attorneys for *pro bono* representation. The facts are not particularly complex; there are local procedures to aid in *pro se* prisoner litigation; and the case has not yet survived screening. The Court will therefore deny the Motion to Appoint Counsel (Doc. 44).

**IT IS ORDERED** that Plaintiff's Motion for Pre-Screening Relief (**Doc. 42**) and Motion to Appoint Counsel (**Doc. 44**) are **DENIED**.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**