IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD ALAN BOULDEN,

    Plaintiff,

v.                                                                                  No. 2:21-cv-00440-KWR-GBW

DWAYNE SANTISTEVAN, *et al.*,

    Defendants.

**ORDER DIRECTING ANSWER AND STRIKING SUPPLEMENTAL FILING**

**THIS MATTER** is before the Court based on Plaintiff Donald Boulden's partial compliance with the Order Permitting Amendment and Striking Miscellaneous Motions (Doc. 37) (Order to Amend). Boulden is incarcerated and proceeding *pro se*. In the Order to Amend, the Court observed that Boulden's voluminous prisoner civil rights filings failed to comply with Fed. R. Civ. P. 8(a). The Court directed him to file a single, amended complaint that complies with Rule 8 and clarifies "who is alleged to have done what to whom." (Doc. 37) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008)).

Boulden filed an Amended Tort Complaint (Amended Complaint), which substantially complies with these instructions. *See* Doc. 40. The Amended Complaint consists of 20 pages and names Defendants Dwayne Santistevan; Alisha Tafoya Lucero; Jerry Roark; David Jablonski; GEO Group, Inc; Cecelia Hernandez; and New Mexico Corrections Department (NMCD). It contains facts, labels Boulden's causes of action, and contains a specific request for relief. Boulden alleges, inter alia, that prison officials violated his First Amendment right to receive educational materials and discriminated based on his segregation status. However, the following month Boulden filed a 26-page Brief in Support of Amended Tort Petition. *See* Doc. 46 (Brief). The Brief contains

additional legal arguments and, in some cases, facts.  The Court finds the Brief (Doc. 46) violates the prior Order to Amend and will strike that filing.  The Amended Complaint (Doc. 40) is currently the controlling pleading in this case.

Having reviewed the Amended Complaint (Doc. 40) pursuant to 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(6), the Court finds it is not subject to summary dismissal.  The Court will order Defendants to answer the Amended Complaint and refer this case to Hon. Gregory Wormuth for a *Martinez* investigation, if appropriate.  A *Martinez* report is "a court-authorized investigation and report" used in *pro se* prisoner cases to evaluate the "factual or legal bases for [the] claims." *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).  The *Martinez* report is used in a variety of procedural situations, most commonly in deciding an accompanying motion for summary judgment.  *Id.* at 1111 ("A *Martinez* report is treated like an affidavit," and plaintiff may present conflicting evidence).  The Court has discretion to review the *Martinez* report and evidence before making a dispositive ruling, and most *pro se* prisoner cases are resolved on summary judgment in that manner, rather than via a motion to dismiss under Rule 12(b)(6).

Counsel has already appeared on behalf of Defendants GEO Group, Alisha Tafoya Lucero, and Dwayne Santistevan.  Those Defendants shall file an answer to the Amended Complaint (Doc. 40) within thirty days of entry of this Order.  The answer should advise, but is not limited to, whether certain claims related to the denial of good time credits must be litigated in Boulden's pending habeas corpus case, 22-cv-411 WJ-GJF, and which claims, if any, should be resolved in this civil rights proceeding.  The remaining Defendants (Jerry Roark, David Jablonski, Cecelia Hernandez, and NMCD) have not yet been served.  The Court ordinarily handles service for incarcerated plaintiffs, provided they obtain leave to proceed *in forma pauperis*.  *See* Fed. R. Civ.

P. 4(c)(3).  The Amended Complaint does not include addresses for the unserved Defendants, and Boulden has not obtained leave to proceed *in forma pauperis*.  Within thirty days of entry of this Order, Boulden must provide an address for the unserved Defendants and file an *in forma pauperis* motion, if he wishes to prosecute claims against those individuals.  *See Washington v. Correia,* 546 Fed. App'x 786, 789 (10th Cir. 2013) ("[T]he onus [is] squarely on plaintiffs to track down the whereabouts of defendants to effectuate service—rather than obliging courts to assist in this endeavor—even when the plaintiffs are in prison.").  If Plaintiff fails to timely comply, the Court may dismiss his claims against the unserved Defendant(s) via separate Order or in any summary judgment ruling following the *Martinez* investigation.

**IT IS ORDERED** that the Court **STRIKES** the Brief in Support of Amended Tort Petition (**Doc. 46**).

**IT IS FURTHER ORDERED** that within thirty days of entry of this Order, Defendants GEO Group, Alisha Tafoya Lucero, and Dwayne Santistevan shall file an answer to the Amended Complaint (**Doc. 40**), as set forth above.

**IT IS FINALLY ORDERED** that that within thirty days of entry of this Order, Boulden shall provide an address for Jerry Roark, David Jablonski, Cecelia Hernandez, and NMCD and file an *in forma pauperis* motion seeking court-supplied service, if he wishes to prosecute claims against those unserved Defendants.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**