IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

DONALD ALAN BOULDEN,

       Plaintiff,

v.                                                                                   No. 2:21-cv-00440-KWR-JHR

DWAYNE SANTISTEVAN, *et al.*,

       Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
OF DISPOSITIVE AND RELATED MOTIONS**

**I.    Procedural History**

Donald Alan Boulden is an inmate in the custody of the New Mexico Department of Corrections, housed in the Lea County Correctional Facility operated by the Geo Group, Inc., who filed a complaint for damages in state court arising from denial of two applications for lump sum awards which he sought in order to reduce his sentence. Defendant Alisha Tafoya Lucero removed the case to federal court. [Doc. 1]. After Boulden filed an amended complaint (without leave of court) and other motions, presiding District Judge Kea Riggs struck them all and gave leave to file a new amended complaint and a single motion for pre-screening relief. [Doc. 37].

Now with leave of court, Boulden filed a new amended complaint. [Doc. 40]. Tafoya Lucero filed an answer, [Doc. 59], as did the Geo and Warden Dwayne Santistevan, [Doc. 60]. Boulden then filed responses to both answers. [Docs. 71, 72, 77]. Geo and Santistevan moved to strike Boulden's response to their answer. [Doc. 73]. That motion remains pending.

Boulden then filed motions for pre-screening relief and for appointment of counsel, which Judge Riggs denied. [Docs. 42, 44, 53]. Boulden then filed a brief in support of his complaint which Judge Riggs struck from the record. [Docs. 46, 57]. Chief Magistrate Judge Gregory

1

Wormuth granted Boulden in forma pauperis status and ordered service on unserved defendants. [Doc. 74].

Geo and Santistevan moved to dismiss Boulden's complaint for failure to state a claim. [Doc. 61]. Boulden filed an objection for failure to serve and a motion to strike the motion to dismiss, [Doc. 68], and Geo responded. [Doc. 69]. Boulden then filed a response to the motion to dismiss, [Doc. 85], and Geo and Santistevan replied, [Doc. 88]. That motion is pending and is addressed by this recommendation.

Tafoya Lucero filed a motion for judgment on the pleadings. [Doc. 66]. Boulden responded, [Doc. 79], and Tafoya Lucero replied. [Doc. 90]. That motion is addressed by this recommendation.

Boulden filed a motion to consolidate this action with a pending federal habeas corpus petition challenging the same denial of lump sum awards that is the origin of this suit. [Doc. 76]. Geo and Santistevan responded, [Doc. 81], and Tafoya Lucero responded, [Doc. 86]. Boulden did not file a reply and the time to do so has passed. The motion to consolidate is addressed by this recommendation.

Boulden filed a second motion for appointment of counsel. [Doc. 78]. Tafoya Lucero responded. [Doc. 87]. Boulden did not file a reply and the time to do so has passed.

Boulden filed a motion for default judgment against Jerry Roark, David Jablonski, Cecilia Hernandez, and the New Mexico Department of Corrections. [Doc. 98]. Tafoya Lucero filed a response. [Doc. 100]. Boulden filed a reply and separately filed exhibits to his reply. [Docs. 103, 104]. The motion for default judgment is addressed by this recommendation.

Cecilia Hernandez, who is no longer an employee of Geo, was recently served and filed a timely answer. [Docs. 119, 121].

II.   **Alleged Injury and Claims for Relief**

Boulden's complaint is based on allegations of "deliberate and indifferent violation of Plaintiff's United States and New Mexico Constitutional rights, violation of the promulgated NMDOC policies, and violation of NMSA 1978 Statute 33-2-34," after "Plaintiff followed all posted NMCD promulgated policies to enroll in post-secondary education via the Self-Pay correspondence method to obtain education and earn two (2) separate Lump Sum Awards of Good Time." [Doc. 40, pp. 3–4]. Upon completion of two programs, the Blackstone Career Institute paralegal program and advanced paralegal criminal law program, Boulden says, "defendants arbitrarily and capriciously with prejudice and discrimination refused to award the two earned LSAs while awarding the same to non-sex offender General Population inmates." *Id.* at 4.

Boulden presents a series of claims for relief based on denial of the Lump Sum Awards: due process and liberty interest violations under state and federal constitutions; violation of Corrections policy CD 121101; violation of N.M. Stat. Ann. 33-2-34; breach of contract allegedly created by CD 121101; violation of freedom of expression rights under state and federal constitutions; discrimination contrary to equal protection of the laws; cruel and unusual punishment; violation of separation of powers; violation of Fourteenth Amendment guarantees of privileges, liberty and due process; vicarious liability of the Department of Corrections and Geo due to inadequate training of their employees; and a prospective claim for retaliation by Defendants, "should it occur." [Doc. 40, pp. 5–12]. Boulden demands compensatory and punitive damages and award of the disputed Lump Sum Awards or, in the alternative, immediate release and commutation of sentence plus a settlement in the amount of $3.5 million. *Id.* at 13–16.

### III. Related Habeas Corpus Petition

After filing this civil rights action, Boulden filed a petition for habeas corpus challenging denial of lump sum awards. *See* 22-CV-00411-WJ-GJF. Boulden sought to consolidate that petition with this civil rights case through a motion filed in the habeas case. 22-CV-0411, [Doc. 9]. Chief District Judge William Johnson denied the motion to consolidate with prejudice. 22-CV-0411, [Doc. 11]. Judge Johnson ordered Boulden to file an amended § 2241 petition to comply with form and content rules. *Id.* Boulden filed a § 2241 petition on July 27, 2023. 22-CV-0411, [Doc. 12]. In that petition, Boulden alleges under multiple grounds for relief that the Department of Corrections improperly denied lump sum awards for the two Blackstone educational programs in violation of N.M. Stat. Ann. 33-2-34(E) and Corrections policy CD-121101. *Id.* at 6–7. Individual grounds include violation of a state-created liberty interest and due process under state and federal constitutions; violation of N.M. Stat. Ann. 33-2-34(E); violation of separation of powers by executive overreach contrary to state and federal constitutions; and violation of constitutional privileges by arbitrary and capricious denial of lump sum awards. *Id*. Boulden demanded relief including award of the two lump sums against his total sentence. *Id.* at 7.

### IV. Applicable Law

   a. A § 1983 suit that challenges the length of a criminal sentence cannot proceed until the challenge to sentence is resolved through habeas corpus.

The United States Supreme Court has held that, when a § 1983 plaintiff claims injury due to an improper criminal sentence, the plaintiff must prove that the sentence has been recognized as improper by issuance of habeas corpus relief or other official remedy. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Without such a showing, a § 1983 claim for damages based on an alleged unconstitutional sentence is not cognizable. *Id.* It is only upon invalidation of the sentence that a

possible § 1983 claim accrues. *Id.* For state prisoners, the only federal mechanism to challenge the validity of a sentence is habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 487.

*Heck* was a case where the challenge to conviction arose from alleged improprieties in investigation, trial preparation, and trial. The principle that such a challenge must be resolved successfully through habeas corpus before a claim for damages accrues has been applied as well to claims of wrongful denial of sentence reductions. *Edwards v. Balisok*, 520 U.S. 641 (1997).

    b. <u>A retaliation claim must state that retaliation has taken place, not merely that retaliation is feared.</u>

A complaint that fails to plausibly state facts supporting each element of a claim is subject to dismissal. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The elements of a claim of government retaliation for exercise of First Amendment rights are:

> (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1203 (10th Cir. 2007).

    c. <u>Default judgment cannot be entered against a defendant who has timely answered.</u>

A default judgment is obtained through a two-step process, beginning with the entry of a party's default by the court clerk, and concluding with entry of default judgment by the clerk where the amount of damages is apparent or with an appropriate hearing where additional evidence is needed. Fed. R. Civ. P. 55(a), (b). The predicate to entry of default by the clerk in the first step is

that "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).

      d.  <u>Default judgment cannot be entered on claims that are without merit.</u>

A default by failure to plead is deemed an admission of the allegations, other than the amount of damages, that require a response. Fed. R. Civ. P. 8(b)(6). Where the specific claims are fatally defective, however, default judgment would be inappropriate. Default is not admission of conclusions of law, and courts have discretion to deny default judgment where they doubt the substantive merits of a claim. *Martinez v. Dart Trans, Inc.*, 547 F.Supp.3d 1153, 1160 (D.N.M. 2021).

      e.  <u>Where other rulings render motions moot, they should be denied.</u>

Mootness is a concept that promotes judicial efficiency by allowing courts to avoid making decisions where "granting a present determination of the issues offered will [not] have some effect in the real world." *Brown v. Buhman*, 822 F.3d 1151, 1165–66 (10th Cir. 2016) (citations omitted).

## V. **Analysis**

The heart of Boulden's suit, as well as his separate habeas case, is the claim that he is entitled to a reduction in the length of his criminal sentence through credit of two Lump Sum Awards that were denied by the Department of Corrections. In the language of *Heck*, a judgment in Boulden's favor would "necessarily imply the invalidity of his . . . sentence." 512 U.S. at 487. Each of his claims for damages, other than his retaliation claim, asserts that he is injured by serving a sentence longer than what it should be. Under *Preiser*, Boulden's demand for a reduction in his sentence through the federal courts can only be resolved through habeas corpus. Without a determination that his sentence is invalid, he does not state a cognizable claim for damages under § 1983.

Boulden's claim for retaliation does not face the same barrier as his other claims because it does not necessarily imply the invalidity of his sentence. The retaliation claim, however, is defective in that it does not allege that retaliation has occurred, only that it may occur. Among the elements of retaliation for exercising First Amendment rights is an allegation "that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity." *Shero*, 510 F.3d at 1203. Boulden's allegation that he fears such action in the future does not meet the pleading requirements for a claim of retaliation.

Boulden's motion for default judgment has no merit where his underlying claims cannot be adjudicated in this § 1983 action. With regard to defendant Cecilia Hernandez, default is not supported as she filed a timely answer after service of process.

The analysis above, if adopted by the Court, would result in dismissal of all of Boulden's substantive claims. Dismissal would be without prejudice because the barrier to relief would be resolved if Boulden prevails on his habeas petition; his causes of action under § 1983 would accrue at that time. Dismissal of all substantive claims would render all other pending motions moot.

## VI.  Recommended Dispositions

Based on the facts recited and my analysis, I recommend that:

Geo and Santistevan's motion to dismiss for failure to state a claim, [Doc. 61], be GRANTED;

Tafoya Lucero's motion for judgment on the pleadings, [Doc. 66], be GRANTED;

Boulden's motion to consolidate, [Doc. 76], seeking relief already denied by Chief District Judge Johnson in the habeas case, should be DENIED;

Boulden's motion for default judgment, [Doc. 98], should be DENIED;

All other pending motions should be denied as moot and the case should be DISMISSED WITHOUT PREJUDICE to refiling in the event that Boulden obtains a reduction of his sentence in the pending habeas case.

_____
Hon. Jerry H. Ritter
U.S. Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed**