IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD ALAN BOULDEN,

      Plaintiff,

      v.                                                          No. 2:21-cv-00440 KWR/JHR

JERRY ROARK, DAVID JABLONSKI,
CECELIA HERNANDEZ,
NEW MEXICO DEPARTMENT OF CORRECTIONS,
GEO GROUP, INC.,
GEO LEA COUNTY CORRECTIONAL FACILITY,
DWAYNE SANTISTEVAN, *Warden,*
ALISHA TAFOYA LUCERO, *Secretary of Corrections,*

      Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon the following motions:

- Plaintiff's Objection to Failure to Serve and Motion to Strike (Doc. 68);

- Defendants' Motion to Strike Plaintiff's response to Defendants' answer (Doc. 73);

- Plaintiff's Motion for Consolidation of Actions (Doc. 76);

- Plaintiff's Motion for Court Request for a Pro Bono Counsel Appointment (Doc. 78); and

- Plaintiff's Motion for Default Judgment (Doc. 98).

The Court resolves these motions as follows.

**I.**     **Motion to Consolidate (Doc. 76) is denied.**

Plaintiff moves to consolidate this civil rights case with a subsequently filed habeas petition. *See* Doc. 76. Chief Judge Johnson already denied a motion to consolidate in the other case. *See Boulden v. Stephenson, et al.,* 2:22-cv-411 WJ/GJF, Doc. 11.

> Habeas petitions are used to attack the validity or execution of a sentence; they are not civil rights actions by which prisoners may litigate abusive prison conditions. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). To prosecute civil rights claims against a state actor, a prisoner must file a proper § 1983 complaint, pay a $402.00 filing fee or apply to proceed *in forma pauperis*, which reduces the fee to $350.00, and survive screening pursuant to 28 U.S.C. § 1915A. Habeas proceedings, on the other hand, require a $5.00 filing fee and are subject to screening under Habeas Corpus Rule 4. In sum, they are procedurally and substantively distinct.
>
> "Although a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters," it is well established that "a § 2241 petition [cannot] be used to challenge prison "conditions of confinement." *McIntosh*, 115 F.3d at 811; *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). The two forms of action are therefore not amenable to consolidation. *McIntosh*, 115 F.3d at 811; *Wilkinson v. Dotson*, 544 U.S. at 78.

*Id.* As explained by Chief Judge Johnson, the civil rights and habeas actions do not appear to be amenable to consolidation. *Id.* at 1-2. Moreover, they are not on the same track and were filed at substantially different times. Therefore, Plaintiff's motion to consolidate (Doc. 76) is denied.

**II.     Motion to Appoint Counsel (Doc. 78) is denied.**

Plaintiff filed a second motion to appoint counsel. *See* Doc. 78. The Court denied Plaintiff's first motion to appoint counsel. *See* Order on Pre-Screening Motions, Doc. 53. The Court in its discretion declines to request *pro bono* appointment of counsel for Plaintiff in this civil rights case.

"Courts are not authorized to appoint counsel in [civil] … cases; Instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis. *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). This decision is a matter of discretion. *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). Relevant factors include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. Plaintiff states his case would be better pursued by counsel. Even assuming this is true, this argument does not persuade the Court to take the extraordinary step of contacting local attorneys

2

for *pro bono* representation. Mr. Boulden is capable of adequately presenting his claims and appears to have a firm grasp of the fundamental issues in this case. The facts are not particularly complex. The Court will therefore deny the Motion to Appoint Counsel (Doc. 78).

### III. Motion for Default Judgment (Doc. 98) is denied.

Plaintiff moves for default judgment as to Defendants David Jablonski, Jerry Roark, Cecilia Hernandez, and NMCD.

As explained by Defendants in their response (Doc. 100), Plaintiff has not demonstrated that these defendants were properly served. Plaintiff served three of these defendants by mailing summons to the same address in Santa Fe, New Mexico. Plaintiff has not shown that these defendants were personally served with the summons and amended complaint, or that another appropriate form of service was utilized.

Moreover, Plaintiff has not complied with the two-step process identified under Fed. R. Civ. P. 55. Plaintiff seeks default judgment but has not yet moved for the Clerk to enter default. "Rule 55 mandates a two-step process for a party who seeks a default judgment in his favor." *Williams v. Smithson,* 57 F.3d 1081 (10th Cir.1995) (unpublished table decision). "First, the party wishing to obtain a default judgment must apprise the court that the opposing party has failed to plead or otherwise defend by requesting 'by affidavit or otherwise' that the clerk enter default on the docket." *Id.* (quoting Fed.R.Civ.P. 55(a)). "Second, following an entry of default by the clerk, 'the party entitled to a judgment by default shall apply to the court therefor.' " *Id.* (quoting Fed.R.Civ.P. 55(b)(2)).

The clear weight of authority holds that a party *must* seek entry of default by the clerk before it can move the court for default judgment. *See Garrett v. Seymour,* 217 Fed.Appx. 835, 838 (10th Cir.2007) (unpublished table decision) (rejecting the notion that a plaintiff was entitled

to default judgment, on the grounds that "the clerk had not entered default under Rule 55(a), a *prerequisite* for the entry of a default judgment under Rule 55(b)(1)" (emphasis added)); *Olcott v. Del. Flood Co.,* 327 F.3d 1115, 1119 n. 4 (10th Cir.2003) (distinguishing the Rule 55(a) entry of default from the Rule 55(b) grant of default judgment); *see also City of New York v. Mickalis Pawn Shop, LLC,* 645 F.3d 114 (2d Cir.2011) ("Rule 55 provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment."); *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir.1998) ("[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)."); *Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) (noting that after entry of default was set aside, default judgment could not be entered). Here, it appears that Plaintiff has not yet requested that the Clerk enter default.

As to Cecilia Hernandez, she has now filed an answer. Plaintiff had not sought entry of default against Defendant Hernandez, nor has he shown she was properly served before he filed his motion for default judgment. Rather, it appears that after the motion for default judgment, the Defendants provided Ms. Hernandez' address for service. Doc. 110. Summons for Ms. Hernandez was subsequently issued on July 18, 2023, Doc. 113, and she has filed an answer. *See* Doc. 121 (answer). Therefore, default judgment is not appropriate, and the motion (Doc. 98) is denied.

**IV.     Defendants' Motion to Strike Response (Doc. 73) is granted.**

Defendants move to strike (1) Plaintiff's response to their answer and (2) his memorandum of law in support of his response. *See* Doc. 73 (motion to strike). Plaintiff's two filings here (Docs. 71, 72) are akin to a reply to a complaint. A Plaintiff may only file a reply to complaint after receiving leave from the district court. Fed. R. Civ. P. 7(a). Here, Plaintiff did not request leave of the court prior to filing the documents. Moreover, the Court does not see reason to authorize a

reply. "It is not the role of … the court … to sort through a lengthy … complaint and voluminous exhibits … to construct plaintiff's causes of action." *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (citations omitted). A complaint must contain a short and plain statement demonstrating the grounds for relief, as required by Fed. R. Civ. P. 8(a). It must "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Plaintiff's reply does not further any purpose of Rule 8(a), or the Federal Rules of Civil Procedure. Therefore, Defendants' Motion to Strike (Doc. 73) is granted.

V. **Plaintiff's Objection to Failure to Serve and Motion to Strike (Doc. 68) is denied.**

Plaintiff asserts that Defendant GEO Group, Inc. failed to serve its Motion to Dismiss. *See* Doc. 68. Defendant provided evidence that it did serve Plaintiff, and alternatively served him a second time. *See* Doc. 69 (response); Doc. 70 (certificate of service). It appears that Plaintiff has received the motion and had the opportunity to respond to it. Therefore, the Court denies his Motion to Strike.

VI. **Remaining motions.**

The Court will issue a separate order on Judge Ritter's Proposed Findings and Recommended Disposition (Doc. 127), and the remaining motions, including the motion to dismiss (Doc. 61), and the motion for judgment on the pleadings (Doc. 66).

**IT IS THEREFORE ORDERED** that the motions are resolved as follows:

- Plaintiff's Objection to Failure to Serve and Motion to Strike (Doc. 68) is **DENIED**;

- Defendants' Motion to Strike Plaintiff's Response to Defendants' answer (Doc. 73) is **GRANTED**;

- Plaintiff's Motion for Consolidation of Actions (Doc. 76) is **DENIED**;

- Plaintiff's Motion for Court Request for a Pro Bono Counsel Appointment (Doc. 78) is **DENIED**; and

- Plaintiff's Motion for Default Judgment (Doc. 98) is **DENIED**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE