**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

_____

DONALD ALAN BOULDEN,

      Plaintiff,

    v.                                   No. 1:21-cv-00440 KWR/JHR

JERRY ROARK, DAVID JABLONSKI,
CECELIA HERNANDEZ,
NEW MEXICO DEPARTMENT OF CORRECTIONS,
GEO GROUP, INC.,
GEO LEA COUNTY CORRECTIONAL FACILITY,
DWAYNE SANTISTEVAN, *Warden,*
ALISHA TAFOYA LUCERO, *Secretary of Corrections,*

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court upon Judge Ritter's Proposed Findings and Recommended Disposition of Dispositive Motions **(Doc. 127)**. Several motions are currently pending in this case, including:

- GEO Group, Inc. and Dwayne Santistevan's Motion to Dismiss for failure to state a claim (Doc. 61);

- Defendant Alisha Tafoya Lucero's Motion for Judgment on the Pleadings (Doc. 66);

- Defendant Tafoya Lucero's Motion for Protective Order to Prohibit Discovery (Doc. 106); and

- Defendant Tafoya Lucero's Motion to Strike Plaintiff's "Stipulation Agreement." (Doc. 117).

For the reasons stated below, Defendant Tafoya Lucero's Motion for Judgment on the Pleadings (Doc. 66) and Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 61) are GRANTED IN PART.   Defendant Tafoya Lucero's Motion for Protective Order to Prohibit Discovery (Doc. 106) is GRANTED IN PART and DENIED IN PART, and the Motion to Strike Plaintiff's "Stipulation Agreement" (Doc. 117) is GRANTED.

The Court adopts in part Judge Ritter's Proposed Findings and Recommended Disposition ("PFRD") and dismisses without prejudice the federal constitutional claims related to the denial of two lump sum awards of good time credits, pursuant to *Heck v. Humphrey,* 512 U.S. 477 (1994).

Although Defendants moved to dismiss all claims on the basis of *Heck*, it appears that some federal constitutional claims are not related the denial of the award for good time credits. Rather, Plaintiff asserts a violation of his First Amendment (Count V) and Fourteenth Amendment rights (Count X) for refusing him access to educational materials for two years. Because some federal claims appear to be unrelated to the denial of good time credits, the Court declines to dismiss the First Amendment (Count V) and Fourteenth Amendment (Count X) claims on the basis of *Heck v. Humphrey*.   The Court also declines to dismiss the state law claims on the basis of *Heck* at this time.

## BACKGROUND

### I.    Plaintiff's Claims.

Plaintiff asserts various claims stemming from the alleged denial of (1) two lump sum awards of good time credits for the completion of educational courses, and (2) a prohibition on taking additional correspondence courses or receiving educational material.

Plaintiff submitted an independent course of study request to prison officials, seeking permission to participate in a correspondence course in paralegal studies offered by Blackstone Career Institute.  Doc. 40, Amended Complaint, at ¶ 21.  The request was approved. He also completed a correspondence course in criminal law through Blackstone Career Institute, and received a certificate of completion for that program in July 2018.

In August 2019, Plaintiff submitted a request for two separate thirty day lump sum awards of good time, claiming his completion of the paralegal studies and criminal law courses entitled him to a sixty-day reduction of his current prison sentence.  Doc. 1, Exs. 1, 2, at ¶¶ 20-21.

Plaintiff also alleges that for approximately two years, Defendants prohibited him from receiving educational material.  Doc. 40 at ¶¶ 26, 39.

In his "Amended Tort Complaint" (Doc. 40), Plaintiff asserted the following claims:

Count 1: Violation of state created liberty interest protected under the Due Process
    Clause of U.S. Const. Amend. XIV;  N.M. Const. Art. II, Sec. 18

Count II: Violation of State Created conditions of confinement, CD 121011, et seq.

Count III: Violation of State Statute 33-2-34 NMSA 1978

Count IV: Breach of state created CD 121101 et seq contract

Count V: Violation of Plaintiff's United States First Amendment Rights, and New
    Mexico Constitutional rights U.S. Const. Am. I, NM. Const. Art. II, Sec. 7.

Count VI: Prejudicial discrimination in violation of the Fourteenth Amendment; U.S.
    Const. Am. XIV, N.M. Const. Art. II, Sec. 18.

Count VII: Cruel and Unusual Punishment without penological justification

Count VIII: Violation of Equal Protection of the Laws, U.S. Const. Am. XIV, N.M.

Const. Art. II, Sec. 18

Count IX: Violation of Separation of Powers, N.M. Const., Art III

Count X: Abridgement of constitutional rights, U.S. Const. Am. XIV

Count XI: Vicarious Liability

Count XII: Retaliation

The Defendants move to dismiss these claims.

**II.     Magistrate Judge's Proposed Findings and Recommended Disposition.**

The Magistrate Judge's PFRD applied *Heck v. Humphrey* to all claims in this case, reasoning that *Heck* bars claims which challenge the denial of good time credits. *See* Doc. 127. The PFRD thus recommended dismissing all claims without prejudice and denying the remaining motions as moot. Plaintiff objected to the PFRD.

## DISCUSSION

**I.     <u>*Heck* applies to bar some of Plaintiffs federal constitutional claims, but not all</u>.**

Defendants moved to dismiss all claims under *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court agrees that *Heck* appears to apply to some of Mr. Boulden's federal constitutional claims challenging the failure to award good time credits for completing educational courses. However, it appears that *Heck* does not apply to other federal constitutional claims which challenge the alleged prohibition on receiving educational materials. The Court also declines to apply *Heck* to the state law claims at this time.

**A.     *Heck* bars federal constitutional claims which challenge the failure to award good time for completed educational courses.**

As explained below, *Heck* applies to bar claims which challenge the denial of good time credits, or the procedures used to deny those credits.  Under *Heck v. Humphrey*, if "a judgment in favor of [a state prisoner] would necessarily imply the invalidity of his conviction or sentence," a district court must dismiss a § 1983 action "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . . A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486–87 (footnote omitted) (citation omitted). In *Edwards*, the Supreme Court extended *Heck* to § 1983 claims for damages and/or declaratory relief by state prisoners "challenging the validity of the procedures used to deprive [them] of good-time credits" that can affect their release date. *Edwards v. Balisok*, 520 U.S. 641, 643, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

Plaintiff asserts federal claims separately challenging:

- The denial of his good-time credits; and

- The deprivation of educational material, or the prohibition on participation in correspondence educational courses.

Plaintiff asserted the following federal constitutional claims which challenged the denial of the award of good time credits:

- Under Count I, Plaintiff alleged a violation of a state created liberty interest protected under the Due Process clause, U.S. Const. Am. XIV." Doc. 40 at ¶ 18. Plaintiff alleged that New Mexico promulgated a policy, CD 121101, creating a method for prisoners to pursue post-secondary education and earn a lump sum award for good time credits.  *Id.* at ¶¶ 19, 20. He alleges this policy, in conjunction with NMSA § 33-2-34, created a liberty interest. *Id.* He alleges he was approved to take a paralegal course and successfully completed the course. He asserts that Defendant Cecilia Hernandez refused to grant lump sum awards of good time for the completed course.  *Id.* at ¶ 25.

- Under Count VI, Plaintiff alleged that Defendants discriminated against him under the Fourteenth Amendment by denying him two earned awards of good time credit while giving the same to other prisoners. *Id.* at ¶ 42.  He asserts that Defendants granted general population inmates lump sum awards for independent study courses, and also awarded other protective custody inmates lump sum awards for independent study programs. *Id.*

- Under Count VII, Plaintiff alleged that the withholding of the good time awards amounted to cruel and unusual punishment without penological justification, apparently in violation of the Eighth Amendment. *Id.* at ¶ 44.

- Under Count VIII, Plaintiff alleged violation of Equal Protection of the laws under the Fourteenth Amendment – by giving awards of good time to general population inmates, but denying it to Plaintiff.  Plaintiff appears to challenge the

denial of good time credits in this claim, as he refers the Court to an affidavit from another inmate who asserts he received good time credits. *See* Doc. 40 at ¶ 46, citing Doc. 22 at 7 (affidavit regarding award of good time credits).

Here, Plaintiff expressly challenges the denial of awards of good time credits for the completion of educational courses in the above federal constitutional claims. Therefore, the Court will dismiss those federal constitutional claims without prejudice to refiling if he is successful in a habeas petition. The law is clear that *any* claim that impacts the execution of an inmate's sentence may not be pursued in a civil rights action unless and until the inmate has first prevailed on a petition for writ of habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)("a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration").

*Heck* applies to federal constitutional claims alleging that officials revoked good time credits or failed to award good time credits, as they impact the duration of a sentence. *Kailey v. Ritter*, 500 F. App'x 766 (10th Cir. 2012) (*Heck* bars a § 1983 claim that prison official violated prisoner's constitutional rights under the First, Fifth, and Fourteenth Amendments when they failed to award earned-time credits); *Kilman v. Williams*, 831 F. App'x 396, 397 (10th Cir. 2020) (applying *Heck* to claims that deprivation of earned good time credits violated his Fifth, Eighth, and Fourteenth Amendment claims); *see also Brown v. Cline*, 319 F. App'x 704, 705-06 (10th Cir. 2009) (*Heck* applied to challenge to disciplinary charges which would have implied invalidity of sanction of loss of good time credits).   Therefore, the Court dismisses without

7

prejudice the federal constitutional claims under Counts I, VI, VII, and VIII which challenge the deprivation of good time credits.

**B.      Court declines to apply *Heck* to First Amendment claim (Count V) and Fourteenth Amendment claim (Count X) challenging deprivation of educational materials.**

However, Plaintiff also objected that *Heck* does not apply to his First Amendment claim under Count V focused on the denial of educational materials.  *See* Doc. 131 at 2, 3, 9, 10.   The Court agrees with his objection.  This claim does not appear to be focused on the denial of good time credits, but instead focuses on the approximate two-year deprivation of educational material.

*Heck* does not bar Plaintiff's First Amendment claim (Count V) and Fourteenth Amendment claim (Count X) alleging deprivation of educational materials.  Defendant Tafoya Lucero did not appear to address the claims asserting deprivation of educational material.[1]. Plaintiff has alleged both the deprivation of receiving any educational materials for two years, and a content-based restriction, *i.e.*, a prohibition on receiving legal educational materials. Doc. 40 at ¶¶ 36-39.  Plaintiff asserts that Deputy Secretary of Corrections Jerry Roark issued a stop order for any and all correspondence programs, and prevented him from receiving educational material.  Doc. 40 at ¶ 26.  Plaintiff alleges this order was implemented by the GEO Defendants. He alleges this violated his procedural due process rights, liberty interests, and First and Fourteenth Amendment rights. *Id.*   Therefore, his First Amendment (Count V) and Fourteenth Amendment (Count X) could be construed as independent from his claims challenging the denial of good time credits.

---

[1] The GEO Defendants recognized Plaintiff's First Amendment claim was likely not barred by *Heck* in their reply. However, they did not provide a penological justification for this deprivation.

Defendants suggest that Plaintiff only requested relief relating to the deprivation of his good time credits. The Court disagrees. *See* Doc. 40 at 13-14. For at least some of his requested relief, he seeks damages for the deprivation of his constitutional rights for prohibiting access to educational material. *See* doc. 40 at 14 ("Damages for Deputy Secretary of Corrections, Mr. Jerry Roark, directly violating Plaintives [sic] U.S. First Amendment rights in the requested amount or maximum allowed by law; § 41-4-19(b) NMRA [sic]").

Moreover, the Court concludes that Plaintiff has stated a plausible First Amendment claim, therefore dismissal for failure to state a claim is not appropriate. "The First Amendment prohibits laws 'abridging the freedom of speech,' which, 'as a general matter ... means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content.' " *Nevada Comm'n on Ethics v. Carrigan*, 564 U.S. 117, 121, 131 S.Ct. 2343, 180 L.Ed.2d 150 (2011) (quoting *Ashcroft v. American Civil Liberties Union*, 535 U.S. 564, 573, 122 S.Ct. 1700, 152 L.Ed.2d 771 (2002)). "[S]entenced prisoners enjoy [this] freedom of speech"—"subject to restrictions and limitations" in light of the "considerations underlying our penal system." *Bell v. Wolfish*, 441 U.S. 520, 545, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) (quotation omitted). For instance, "[i]nmates have a First Amendment right to receive information while in prison to the extent the right is not inconsistent with prisoner status or the legitimate penological objectives of the prison." *Jacklovich v. Simmons,* 392 F.3d 420, 426 (10th Cir.2004) (citations omitted). More specifically, "when a prison regulation impinges on inmates' constitutional right[ ]" to receive information, "the regulation is valid if it is *reasonably related* to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) (emphasis added); *Gee v. Pacheco*, 627 F.3d 1178, 1187 (10th Cir. 2010) (same). The "First Amendment protects a prisoner's right to receive mail." *Frazier v. Ortiz,* 417

F. App'x 768, 773 (10th Cir.2011) (citing *Thornburgh v. Abbott,* 490 U.S. 401, 407 (1989)). Moreover, "a complete ban on hardcover books or newspapers would likely violate the First Amendment." *Khan v. Barela*, 808 F. App'x 602, 608 (10th Cir. 2020).

A district court typically must analyze the challenged regulation under the four-part test established by the Supreme Court in *Turner. Jacklovich,* 392 F.3d at 426. The analysis requires an examination of the following *Turner* factors: "(1) whether a valid and rational connection exists between the regulation and the asserted legitimate governmental interest; (2) whether alternative means of exercising the constitutional right remain available to inmates; (3) any effect accommodating the right would have on guards, inmates, and the allocation of prison resources; and (4) the absence of ready alternatives." *Id.; Jones v. Salt Lake County,* 503 F.3d 1147, 1153–54 (10th Cir.2007); *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) (emphasis added).

However, the Tenth Circuit has counseled against evaluating the *Turner* factors at the motion to dismiss stage. *Khan v. Barela*, 808 F. App'x 602, 607 (10th Cir. 2020). "[A]n analysis of the *Turner* factors is unnecessary at the pleading stage." *Al-Owhali v. Holder*, 687 F.3d 1236, 1240 n.2 (10th Cir. 2012), *quoted in Khan,* 808 F. App'x at 607. However, "[b]ecause *Turner* allows prohibitions and restrictions that are reasonably related to legitimate penological interests, [an inmate] must include sufficient facts to indicate the plausibility that the actions of which he complains were *not* reasonably related to legitimate penological interests." *Gee v. Pacheco*, 627 F.3d 1178, 1187-88 (10th Cir. 2010). An inmate need not "identify every potential legitimate interest and plead against it." *Id.* But he must "plead facts from which a plausible inference can be drawn that the action was not reasonably related to a legitimate penological interest." *Id.*

10

The Tenth Circuit instructs that such First Amendment cases should not be dismissed where prison officials denied a book request, and the reasons for the decision are unclear. *See Khan v. Barela*, 808 Fed. App'x 602, 608 (10th Cir. 2020) (reversing dismissal and remanding for record development); *Whitehead v. Marcantel*, 766 Fed. App'x 691, 696 (10th Cir. 2019) (same). The Tenth Circuit has also suggested that a ban on inmate books from a publisher may be unconstitutional. *See Jacklovich v. Simmons*, 392 F.3d 420, 431 (10th Cir. 2004) (reversing district court and suggesting ban on purchases from PLN was not reasonably related to legitimate penological interests).

Here, Plaintiff has plausibly alleged that the approximate two-year ban from receiving educational material was not reasonably related to a legitimate penological interest. The complaint does not describe any penological interest to ban Plaintiff from receiving educational material for two years. Moreover, the complaint does not describe any penological interest in prohibiting Plaintiff from obtaining legal educational material. The GEO Defendants in their reply recognized that Plaintiff alleged a claim asserting the deprivation of educational materials, but did not argue a penological justification under *Turner.*  Because the Tenth Circuit has counseled that it is generally inappropriate to examine the *Turner* factors at the motion to dismiss stage, Plaintiff has plausibly stated a First Amendment claim. *See, e.g., Al-Owhali v. Holder*, 687 F.3d 1236, 1240 (10th Cir. 2012) ("Analysis of the four *Turner* factors is necessary at the summary judgment stage. But in ruling on a motion to dismiss, a court need only assess, as a general matter, whether a prison regulation is "reasonably related to a legitimate penological interest.") (internal citations omitted).

Plaintiff also plausibly alleged that the alleged complete bar from receiving educational material violated his liberty interest under the Fourteenth Amendment.  Doc. 40 at ¶¶ 26, 49, 50.

The Tenth Circuit has also held that a prisoner has a liberty interest under the Fourteenth Amendment in correspondence and publications in the mail.  *Treff v. Galetka*, 74 F.3d 191, 194–95 (10th Cir. 1996); *Jacklovich v. Simmons*, 392 F.3d 420, 433 (10th Cir. 2004) (noting liberty interest in correspondence and noting that inmates have right to procedural due process when publications are rejected).  "Correspondence between a prisoner and an outsider implicates the guarantee of freedom of speech under the First Amendment and a qualified liberty interest under the Fourteenth Amendment." *Treff v. Galetka,* 74 F.3d 191, 194 (10th Cir.1996). Defendants have not moved to dismiss Plaintiff's Fourteenth Amendment claim (Count X) asserting deprivation of educational materials.

Therefore, the Court declines to dismiss Plaintiff's federal constitutional claims under Count V and Count X to the extent they allege deprivation of educational material.

### C.      Court declines to apply *Heck* to state law claims.

Defendants request that the Court apply *Heck* to bar Plaintiff's state law claims, but do not cite to precedent in the Tenth Circuit doing so.   The Court declines to dismiss the state law claims on this basis at this time.

### D.      Count XII (retaliation claim) is dismissed without prejudice.

The PFRD also recommended dismissing the retaliation claim, as Plaintiff did not allege that Defendants' actions caused Plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity.  Doc. 127 at 7.  In his objection, Mr. Boulden conceded that he has not been subject to any retaliatory action, but merely asserts it now to preserve his claim in the future.  Doc. 131 at 2.  Therefore, the Court overrules this objection, adopts Judge Ritter's recommendation, and dismisses without prejudice the prospective retaliation claim under Count XII.

II.   **Court grants in part and denies in part Defendant Tafoya Lucero's Motion for**
**Protective Order (Doc. 106) and Motion to Strike (Doc. 117).**

Defendant Tafoya Lucero moves for the Court to issue a protective order as to Plaintiff's
First Interrogatories, Doc. 106, Ex. A, in which Plaintiff seeks discovery on the addresses of
certain defendants in order to effectuate service.  The Court directed an answer from defendants
and directed Plaintiff to provide addresses for service of the unserved defendants.  Doc. 57.
Although Plaintiff has attempted to obtain the addresses of Defendant Roark and Jablonski
through discovery, Doc. 106, Ex. A, Defendant Tafoya Lucero has apparently refused to provide
answer those discovery requests.

Defendant Tafoya Lucero requests the Court issue a protective order declaring that she
need not answer that discovery request, or any other discovery request for the time being.  Doc.
106.   Defendant Tafoya requests that "should the Court determine that service of these
Defendants is necessary, the Undersigned Counsel requests the opportunity to request
authorization from these parties to accept service on their behalf. Thus, should the Court decide
to proceed with service of process of the NMCD, Jablonski, and Roark, Undersigned Counsel
requests the Court issue an Order Directing Issuance of Notice and Waiver of Service Forms."
Doc. 106 at 9.

Here, Plaintiff has alleged Defendant Roark was the primary party responsible for
deprivation of educational materials under Count V.  It appears that the Court needs Mr. Roark's
participation in the *Martinez* report in order to proceed in this case.

Therefore, in lieu of ordering Defendant Tafoya Lucero to provide Mr. Roark's and Mr.
Jablonski's address for service, the Court will order that Notice and Waiver of Service Forms for
Mr. Roark and Mr. Jablonski be sent to defense counsel's address, as requested, to give

Defendants an opportunity to avoid the cost of service and protect the personal address of Defendants Roark and Jablonski.

Defendant Tafoya Lucero also requests all discovery be stayed until the motion to dismiss and motion for judgment on the pleadings are addressed. As the Court finds that a *Martinez* report is necessary, the Court will refer further discovery issues to the magistrate judge.

Defendant also moves to strike Plaintiff's Notice of "stipulation agreement." *See* Doc. 116 (notice); Doc. 117 (motion to strike). She asserts in part no settlement agreement was arranged with Plaintiff. Defendant's Motion to Strike Settlement Agreement (Doc. 117) is granted.

## III.   **Alternatively, Federal Claims against Defendants Tafoya Lucero and Jablonski are otherwise dismissed.**

To the extent the federal claims have not already been dismissed against Defendants Alisha Tafoya Lucero and Jablonski under *Heck*, and to the extent those claims are asserted against them in their personal capacity, the Court agrees that the federal claims should be dismissed as Plaintiff failed to allege their personal involvement in the alleged constitutional violations.

Under Count XI, Plaintiff appears to seek to hold Defendants Tafoya Lucero and Jablonski vicariously liable as the current and former secretaries of NMCD. To the extent he seeks to hold Defendants Tafoya Lucero and Jablonski vicariously liable for Plaintiff's § 1983 claims, Count XI fails. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). As Defendant argues, Plaintiff has not alleged Defendant Tafoya

Lucero's and Defendant Jablonski's personal involvement in the alleged educational material ban.

Plaintiff raises claims under the federal constitution, which are analyzed under 42 U.S.C. § 1983. Section 1983 is the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046."Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir.2008) (quoting *Foote v. Spiegel,* 118 F.3d 1416, 1423 (10th Cir.1997)).

A "§ 1983 defendant sued in an individual capacity may be subject to personal liability and/or supervisory liability." *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011). To be liable, an individual must "ha[ve] been *personally involved* in the underlying violations through their own participation or supervisory control." *Moya v. Garcia*, 895 F.3d 1229, 1232-33 (10th Cir. 2018) (emphasis added). In addition to personal involvement, an individual sued under a "theory of supervisory liability" must have also "[1] 'promulgated, created, implemented or possessed responsibility for the continued operation of a policy that ... caused the complained of constitutional harm' and [2] 'acted with the state of mind required to establish the alleged constitutional deprivation.' " *Id.* at 1233 (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1199

(10th Cir. 2010)).  Although Plaintiff summarily alleges that the "Secretary of Corrections" is vicariously liable or ultimately responsible for the First Amendment violation, Plaintiff does not allege any facts which plausibly alleges that Defendants Tafoya Lucero or Jablonski were personally involved in the educational material ban violating the First and Fourteenth First Amendment, or how they were "responsible" for the First and Fourteenth Amendment violations. Therefore, the First Amendment claim (Count V) and Fourteenth Amendment claim (Count X) against Defendants Tafoya Lucero and Jablonski are dismissed for failure to state a claim.

Alternatively, to the extent Plaintiff asserts claims against Defendants Tafoya Lucero and Jablonski in their official capacity, that is in essence a claim against NMCD. "It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits." *Hull v. State of N.M. Taxation & Rev. Dep't Motor Vehicle Div.*, 179 Fed. App'x 445, 446 (10th Cir. 2006) (citing *Howlett v. Rose*, 496 U.S. 356, 365, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990); *see, e.g.*, *Hern v. Crist*, 1987-NMCA-019, 105 N.M. 645, 735 P.2d 1151, 1155 (N.M. Ct. App. 1987) ("[T]he Department of Corrections is not a 'person' within the meaning of Section 1983."); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) (observing that "state agencies partake in the State's immunity if they are 'arms of the state' " (quoting *Ambus v. Granite Bd. of Educ.*, 995 F.2d 992, 994 (10th Cir. 1993)).  Therefore, even assuming the § 1983 claims survived *Heck,* the § 1983 claims against NMCD and against Defendants Alisha Tafoya Lucero and Jablonski in their official capacity are dismissed without prejudice.

## CONCLUSION

The Court dismisses without prejudice the federal constitutional claims (Counts I, VI, VII, and VIII) challenging the deprivation of good time credits, pursuant to *Heck v. Humphrey*.

16

Alternatively, to the extent *Heck* does not apply, all federal constitutional claims are alternatively dismissed against Defendants Tafoya Lucero and Jablonski because Plaintiff has not alleged their personal involvement in the alleged constitutional violations. Count XI is therefore dismissed as to the federal claims. Moreover, the federal constitutional claims against Defendant NMCD are dismissed, as § 1983 claims do not sound against a state entity. As to the other defendants, Plaintiff's First Amendment Claim (Count V) and Fourteenth Amendment claim (Count X) challenging the deprivation of educational material survive and will likely require a *Martinez* report to properly evaluate the *Turner* factors. Count XII is dismissed without prejudice, as Plaintiff has admitted it is prospective only, i.e., no retaliation has occurred. The Court reserves ruling on the state law claims.

Finally, as explained above, in lieu of ordering Defendant Tafoya Lucero to provide the personal address of Defendant Roark and Jablonski to effectuate service, the Court will allow her defense counsel time to seek authorization from Defendants Roark and Jablonski to accept service on their behalf. Once they have appeared in this case, the Court will order a *Martinez* report be prepared.

**IT IS THEREFORE ORDERED** that the Magistrate Judge Proposed Findings and Recommended Disposition **(Doc. 127)** is **ADOPTED IN PART**.

**IT IS FURTHER ORDERED** that the federal constitutional claims (Counts I, VI, VII, and VIII) alleging deprivation of good time credits, except for Count V (First Amendment claim) and Count X (Fourteenth Amendment), are dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).  To the extent *Heck* does not apply, the federal constitutional claims against Defendants Tafoya Lucero and Jablonski are otherwise dismissed.

17

**IT IS FURTHER ORDERED** that Defendant Tafoya Lucero's Motion to Strike (Doc. 117) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Tafoya Lucero's Motion for Protective Order (Doc. 106) is **GRANTED IN PART** and **DENIED IN PART**.  The Court finds service on Defendant Roark and Jablonski necessary to address the claims in this case. As explained above:

- The Court will grant defense counsel time to seek authorization from Defendant Roark and Jablonski to accept service on their behalf; and

- The Court directs the Clerk's office to issue Notice and Waiver of Service forms for Defendant Roark and Jablonski to defense counsels' address at:

  German, Burnette & Associates

  11728 Linn Ave. NE

  Albuquerque, NM 87123.

**IT IS FURTHER ORDERED** that the motions to dismiss and for judgment on the pleadings (**Docs. 61, 66**) are **GRANTED IN PART**, as follows:

- The Court dismisses without prejudice the federal constitutional claims in Counts I, VI, VII, and VIII which challenge the deprivation of good time credits, pursuant to *Heck*;

- Count XI is dismissed to the extent it applies to the federal claims;

- Count XII is dismissed without prejudice;

- To the extent *Heck* does not apply, all federal constitutional claims are otherwise dismissed as to Defendant Tafoya Lucero and Jablonski; and

- The Court reserves ruling on the state law claims.

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE