IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DONALD ALAN BOULDEN,**

    **Plaintiffs,**

v.                                                              No. 21-cv-0440 KWR/JHR

**JERRY ROARK, DAVID JABLONSKI,
CECILIA HERNANDEZ, NEW MEXICO
DEPARTMENT OF CORRECTIONS,
GEO GROUP INC., GEO LEA COUNTY
CORRECTIONAL FACILITY, DWAYNE
SANTIESTEVAN,** *Warden*, **ALISHA TAFOYA
LUCERO,** *Secretary of Corrections*

    **Defendants.**

**ORDER TO SUBMIT A *MARTINEZ* REPORT**

In a suit brought by a *pro se* prisoner, the Court may order the defendants to investigate the incident underlying the suit and to submit a report, known as a "*Martinez* report," of the investigation. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *Martinez v. Aaron*, 570 F.2d 317, 319-20 (10th Cir. 1978). The *Martinez* report assists the Court in determining whether there is a factual and legal basis for the prisoner's claims. *See Hall*, 935 F.2d at 1109. The Court may use the *Martinez* report in a variety of procedural situations, including when deciding whether to grant summary judgment, either on motion or *sua sponte. See id.* at 1109-13; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (noting that district courts have the power to enter summary judgment *sua sponte*, as long as the opposing party was on notice that she had to come forward with all her evidence). But the prisoner must be given an opportunity to present conflicting evidence to controvert the facts set out in the report. *Hall*, 935 F.2d at 1109.

1

BACKGROUND

United States District Judge Kea Riggs previously determined that Boulden's First and Fourteenth Amendment claims alleging deprivation of educational materials survived Defendants' dispositive motions. *See* [Doc. 135, p. 8-12]. Judge Riggs concluded that a *Martinez* report is necessary to properly evaluate those claims under the *Turner* factors. *Id.* at 17.

Courts use the *Turner* factors to assess challenges to a prison regulation: "(1) whether a valid and rational connection exists between the regulation and the asserted legitimate governmental interest; (2) whether alternative means of exercising the constitutional right remain available to inmates; (3) any effect accommodating the right would have on guards, inmates, and the allocation of prison resources; and (4) the absence of ready alternatives." *Id.* at 10 (citing *Jacklovich v. Simmons,* 392 F.3d at 420, 426 (10th Cir. 2004); *Turner v. Safley*, 482 U.S. 78, 89 (1987)). *Turner* allows restrictions that are reasonably related to legitimate penological interests; therefore, an inmate must "include sufficient facts to indicate the plausibility that the actions of which he complains were *not* reasonably related to legitimate penological interests." *Id.* at 9-10 (citing *Gee v. Pacheco*, 627 F.3d 1178, 1187-88 (10th Cir. 2010)). A *Turner* evaluation is frowned upon at the motion to dismiss stage. *Id*. at 10.

The First Amendment protects a prisoner's right to receive mail and so a complete ban on books and magazines would likely violate it. *Id.* at 9 (citing *Frazier v. Ortiz,* 417 F. App'x 768, 773 (10th Cir. 2011)). The Fourteenth Amendment similarly provides prisoners a liberty interest in mail correspondence and publications. *Id.* at 11-12. Accordingly, Judge Riggs determined:

> [Boulden] has plausibly alleged that the approximate two-year ban from receiving educational material was not reasonably related to a legitimate penological interest. The complaint does not describe any penological interest to ban Plaintiff from receiving educational material for two years. Moreover, the complaint does not

2

> describe any penological interest in prohibiting Plaintiff from obtaining legal educational material. The GEO Defendants in their reply recognized that Plaintiff alleged a claim asserting the deprivation of educational materials, but did not argue a penological justification under *Turner*. Because the Tenth Circuit has counseled that it is generally inappropriate to examine the *Turner* factors at the motion to dismiss stage, Plaintiff has plausibly stated a First Amendment claim. *See, e.g., Al-Owhali v. Holder*, 687 F.3d 1236, 1240 (10th Cir. 2012).

*Id.* at 11. She also noted that Defendants did not move to dismiss the Fourteenth Amendment claim for deprivation of educational materials. *Id.* at 12. Thus, Judge Riggs deemed a *Martinez* report necessary to investigate the alleged deprivation of educational materials under the *Turner* factors. *Id.* at 13, 17. Defendants Roark and Jablonksi have appeared in the case, rendering a *Martinez* report ripe per Judge Riggs' direction. *Id.* at 17; *see* [Docs. 140, 141].

## DIRECTIONS FOR PREPARING THE *MARTINEZ* REPORT

Defendants' *Martinez* report must address the *Turner* factors, allegations of deprivation of educational material against them, as well as any defenses raised in their answers that they wish to pursue. Defendants must abide by the following instructions in preparing their report.

1) The report must include a written brief that discusses Boulden's First Amendment and Fourteenth Amendment claims challenging deprivation of educational material. Factual assertions in the briefs must be supported by proof, such as affidavits or documents. *See Hayes v. Marriott*, 70 F.3d 1144, 1147-48 (10th Cir. 1995).

2) The report must state whether records pertaining to the allegations exist.

3) The report must state whether policies or regulations addressing the allegations exist.

4) If relevant records, policies, or regulations do exist, copies must be included as attachments to the reports. The attachments should be arranged in a logical order and must be

3

properly authenticated by affidavits. *See Farmers Alliance Mut. Ins. Co. v. Naylor*, 452 F. Supp. 2d 1167, 1176-77 (D.N.M. 2006).

**IT IS THEREFORE ORDERED** that the *Martinez* report must be filed and served on Boulden no later than **thirty (30) days after entry of this Order**. Boulden must file his response or objections to the report no later than **thirty (30) days after service of the *Martinez* report**. Defendants must file their reply, if any, no later than **fourteen (14) days after service of the Boulden's objections**.

The parties are hereby given notice that the *Martinez* report may be used in deciding whether to grant summary judgment, either by motion or *sua sponte*. Therefore, the parties should submit whatever materials they consider relevant Boulden's claims.

**IT IS SO ORDERED.**

_____
**JERRY H. RITTER**
**UNITED STATES MAGISTRATE JUDGE**

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.