IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD ALAN BOULDEN,

    Plaintiff,

    v.                                                                                              No. 1:21-cv-00440 KWR/JHR

JERRY ROARK, DAVID JABLONSKI,
CECELIA HERNANDEZ,
NEW MEXICO DEPARTMENT OF CORRECTIONS,
GEO GROUP, INC.,
GEO LEA COUNTY CORRECTIONAL FACILITY,
DWAYNE SANTISTEVAN, *Warden,*
ALISHA TAFOYA LUCERO, *Secretary of Corrections,*

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Plaintiff's two motions to reconsider (Docs. 137, 145). For the reasons stated below, the Court finds that Plaintiff's Motions to Reconsider (Docs. 137, 145) are not well taken and therefore are **DENIED**. Moreover, the Court denies Plaintiff's third motion to appoint counsel (Doc. 157).

**BACKGROUND**

**I.**    **Plaintiff's Claims.**

Plaintiff is detained at New Mexico Corrections Department and is proceeding pro se. Plaintiff asserts various state law and § 1983 claims stemming from the alleged denial of (1) two lump sum awards of good time credits for the completion of educational courses, and (2) a prohibition on taking additional correspondence courses or receiving educational material.

Plaintiff submitted an independent course of study request to prison officials, seeking permission to participate in a correspondence course in paralegal studies offered by Blackstone

Career Institute. Doc. 40, Amended Complaint, at ¶ 21. The request was approved. He also completed a correspondence course in criminal law through Blackstone Career Institute, and received a certificate of completion for that program in July 2018.

In August 2019, Plaintiff submitted a request for two separate thirty day lump sum awards of good time, claiming his completion of the paralegal studies and criminal law courses entitled him to a sixty-day reduction of his current prison sentence. Doc. 1, Exs. 1, 2, at ¶¶ 20-21. Plaintiff alleges those requests for good time credit were denied.

Plaintiff also alleged that for approximately two years, Defendants prohibited him from receiving educational material. Doc. 40 at ¶¶ 26, 39.

In his "Amended Tort Complaint" (Doc. 40), Plaintiff asserted the following claims:

Count 1: Violation of state created liberty interest protected under the Due Process Clause of U.S. Const. Amend. XIV;  N.M. Const. Art. II, Sec. 18

Count II: Violation of State Created conditions of confinement, CD 121011, et seq.

Count III: Violation of State Statute 33-2-34 NMSA 1978

Count IV: Breach of state created CD 121101 et seq contract

Count V: Violation of Plaintiff's United States First Amendment Rights, and New Mexico Constitutional rights U.S. Const. Am. I, NM. Const. Art. II, Sec. 7.

Count VI: Prejudicial discrimination in violation of the Fourteenth Amendment; U.S. Const. Am. XIV, N.M. Const. Art. II, Sec. 18.

Count VII: Cruel and Unusual Punishment without penological justification

Count VIII: Violation of Equal Protection of the Laws, U.S. Const. Am. XIV, N.M. Const. Art. II, Sec. 18

Count IX: Violation of Separation of Powers, N.M. Const., Art III

Count X: Abridgement of constitutional rights, U.S. Const. Am. XIV

Count XI: Vicarious Liability

Count XII: Retaliation

The Defendants moved to dismiss these claims.

## II.     Magistrate Judge's Proposed Findings and Recommended Disposition.

The Magistrate Judge's PFRD applied *Heck v. Humphrey* to all claims in this case, reasoning that *Heck* bars claims which challenge the denial of good time credits.  *See* Doc. 127. The PFRD thus recommended dismissing all claims without prejudice and denying the remaining motions as moot.  Plaintiff objected to the PFRD.

## III.    Order Adopting in part PFRD.

The Court adopted in part Judge Ritter's PFRD. *See* Doc. 135. The Court agreed that *Heck* appears to apply to some of Mr. Boulden's federal constitutional claims challenging the failure to award good time credits for completing educational courses.  However, it appears that *Heck* does not apply to other federal constitutional claims which challenge the alleged prohibition on receiving educational materials.  The Court also declined to apply *Heck* to the state law claims and reserved ruling on the state law claims.

In that order, the Court ruled as follows:

> The Court dismisses without prejudice the federal constitutional claims (Counts I, VI, VII, and VIII) challenging the deprivation of good time credits, pursuant to *Heck v. Humphrey*.  Alternatively, to the extent *Heck* does not apply, all federal constitutional claims are alternatively dismissed against Defendants Tafoya Lucero and Jablonski because Plaintiff has not alleged their personal involvement in the alleged constitutional violations. Count XI is therefore dismissed as to the federal claims. Moreover, the federal constitutional claims against Defendant NMCD are dismissed, as § 1983 claims do not sound against a state entity. As to the other defendants, Plaintiff's First Amendment Claim (Count V) and Fourteenth Amendment claim (Count X) challenging the deprivation of educational material survive and will likely require a *Martinez* report to properly evaluate the *Turner* factors. Count XII is dismissed without prejudice, as Plaintiff

3

> has admitted it is prospective only, i.e., no retaliation has occurred. The Court reserves ruling on the state law claims.

Memorandum Opinion and Order, Doc. 135 at 16-17.

## LEGAL STANDARD

Plaintiff moves to reconsider an interlocutory order. The Court has discretion to reconsider an interlocutory order and its discretion is not cabined by the standards which apply to Fed. R. Civ. P. 59 and 60 motions. "[D]istrict courts generally remain free to reconsider their earlier interlocutory orders." *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007). Moreover, the Court has discretion to "reconsider" an interlocutory order under Fed. R. Civ. P. 54(b) ("Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

The Court has discretion in deciding what standard to apply to reconsideration of an interlocutory order. *Ankeney v. Zavaras*, 524 Fed. Appx. 454, 458 (10th Cir. 2013) (stating that in considering a motion to reconsider an interlocutory order, the "court may look to the standard used to review a motion made pursuant to Federal Rule of Civil Procedure 59(e)"). In its discretion, the Court finds the Rule 59(e) framework useful here when considering a motion to reconsider an interlocutory order. *Id.*

"Grounds for granting a Rule 59(e) motion include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.' " *Somerlott v. Cherokee Nation Distributors, Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)); *see also Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir.

4

2009) (Rule 59(e) relief is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law.").

However, "[Rule 59(e)] 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.' " *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted). Additionally, Rule 59 "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see also Servants of Paraclete*, 204 F.3d at 1012 (Filing a motion pursuant to Rule 59 is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing.").

**DISCUSSION**

**I.      Court declines to reconsider default judgment or motion to strike.**

Plaintiff moves this court to reconsider its order denying his motion for default judgment and granting Defendant's motion to strike his reply to Defendant's answer. *See* Doc. 134. Elsewhere, Plaintiff appears to withdraw or concede his request to reconsider the Court's order denying his motion for default judgment. *See* 148 at 1. To the extent he does not withdraw his request to reconsider, the Court finds that Plaintiff has not shown that he properly served the defendants, nor did he move for the clerk of court to enter default, a requirement to obtain default judgment. *See* Doc. 134 at 3-4.

Plaintiff also asserts the Court erred in granting Defendant's motion to strike. The GEO Defendants asserted that the Court should strike two of Plaintiff's filings Docs. 71 and 72, as impermissible replies to their answer and his memorandum of law in support of his reply. *See*

Motion to Strike Doc. 73, and Docs. 71, 72. The motion to strike asserted that those documents were unauthorized replies to an answer. Fed. R. Civ. P. 7(a) (requiring leave of court to file reply to answer). The Court granted the motion to strike. Doc. 134. Plaintiff asserts the Court erred, as his filings (Docs. 71, 72) were in response to the motion to dismiss, and not replies to answer.

Plaintiff's request to reconsider the order granting the motion to strike is moot. The order to strike was issued after Judge Ritter had already considered the documents in his Proposed Findings of Fact and Conclusions of Law. *See* Doc. 127. Plaintiff's numerous filings, including his responses Docs. 71 and 72, were in fact considered by Judge Ritter in his Proposed Findings of Fact and Conclusions of law, as detailed in Judge Ritter's Proposed Findings of Fact (Doc. 127), and they were considered in the Memorandum Opinion and Order adopting in part Judge Ritter's Proposed Findings of Fact and Conclusions of Law. Doc. 135. Therefore, even assuming his filings (Docs. 71, 72) were in response to the motion to dismiss and not a reply to answer, his request to reconsider is moot as filings were considered by the Court.

II.     **Court declines to reconsider dismissal of several federal constitutional claims under *Heck*.**

Plaintiff asserts that the Court erred in dismissing certain federal constitutional claims pursuant to *Heck*. Plaintiff asserts he is not challenging the validity of his conviction or sentence. The Court disagrees. *Heck* applies as he plainly challenged the denial of an award of good time credits, which is a challenge to the duration of his sentence.

Plaintiff primarily argues that *Heck* does not apply here, as *Heck* does not apply to instances where a plaintiff is challenging the refusal to award good time credits for the completion of educational courses. As the Court explained in its prior opinion, Doc. 135, *Heck*

6

bars Plaintiff's claims challenging the denial of the lump sum awards of good time credit, as those claims necessarily imply that the duration of his sentence is invalid. Under *Heck v. Humphrey*, if "a judgment in favor of [a state prisoner] would necessarily imply the invalidity of his conviction or sentence," a district court must dismiss a § 1983 action "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . . A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486–87 (footnote omitted) (citation omitted). In *Edwards*, the Supreme Court extended *Heck* to § 1983 claims for damages and/or declaratory relief by state prisoners "challenging the validity of the procedures used to deprive [them] of good-time credits" that can affect their release date. *Edwards v. Balisok*, 520 U.S. 641, 643, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Kilman v. Williams*, 831 F. App'x 396, 398 (10th Cir. 2020).

The law is clear that *any* claim that impacts the execution of an inmate's sentence may not be pursued in a civil rights action unless and until the inmate has first prevailed on a petition for writ of habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or

internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration").

The Tenth Circuit is clear that *Heck* applies to federal constitutional claims alleging that officials revoked good time credits or failed to award good time credits, as they impact the duration of a sentence. *Kailey v. Ritter*, 500 F. App'x 766 (10th Cir. 2012) (*Heck* bars a § 1983 claim that prison official violated prisoner's constitutional rights under the First, Fifth, and Fourteenth Amendments when they failed to award earned-time credits); *Kilman v. Williams*, 831 F. App'x 396, 397 (10th Cir. 2020) (applying *Heck* to claims that deprivation of earned good time credits violated his Fifth, Eighth, and Fourteenth Amendment claims); *see also Brown v. Cline*, 319 F. App'x 704, 705-06 (10th Cir. 2009) (*Heck* applied to challenge to disciplinary charges which would have implied invalidity of sanction of loss of good time credits).

Here, Plaintiff alleged in his Amended Tort Complaint (Doc. 40) that Defendants failed to issue two Lump Sum Awards (LSAs) for independent study correspondence courses he took. He asserts that the LSAs were not denied due to any disciplinary action. He also states the lawsuit is not premised on the forfeiture of good time. Doc. 40 at ¶ 25. Plaintiff seeks damages, as well as the issuance of two earned 30-day good time credits, or in the alternative immediate release from state custody. Doc. 40 at 13-16. As explained above, Plaintiff has not shown that the Court erred in finding that *Heck* barred his claims which challenged the denial of lump sum awards of good time credit, which necessarily challenged the validity of the duration of his sentence.

Plaintiff asserts that Chief Judge Johnson ruled otherwise in a pending habeas case in this district, Case No. 2:22-cv-00411 WJ/GJF. The Court disagrees. Chief Judge Johnson stated in that separate habeas case that Plaintiff was challenging "prison officials' decision to not award

8

good time credits to which he believes he is entitled." *Boulden v. Stephenson*, 2:22-cv-00411 WJ/GJF, Doc. 11 at 3. Chief Judge Johnson held that plaintiff had to challenge the denial of good time credits in a § 2241 habeas proceeding, and not a § 2254 habeas proceeding. Chief Judge Johnson stated:

> A habeas petition seeking relief under 28 U.S.C. § 2254 is used to collaterally attack the validity of a state conviction and sentence. *McIntosh*, 115 F.3d at 811. A prisoner who seeks to challenge the execution of his sentence, including the deprivation of earned good time credits or the failure to award good time credits must proceed under 28 U.S.C. § 2241. *McIntosh*, 115 F.3d at 811 (discussing the deprivation of good time credits); *Owens-El v. Wiley*, 183 F. App'x 775, 777 (10th Cir. 2006) (holding that a petitioner who seeks a reduction in the period of incarceration by "granting good time" was appropriately brought as a § 2241 habeas petition).

*Boulden v. Stephenson*, 2:22-cv-00411 WJ/GJF, Doc. 11 at 3. That habeas case does not discuss whether in a § 1983 action *Heck* applies to a refusal to award good time credits, which affects the duration of a sentence.

### III. **Defendant has not shown grounds to reconsider the dismissal of federal claims against Defendants Tafoya Lucero and Jablonski.**

Plaintiff also objects to the dismissal of federal constitutional claims against Defendants Jablonski and Tafoya Lucero for failure to allege their personal involvement in the alleged constitutional violations. *See* Doc. 135 at 14.

To the extent the federal claims were not already dismissed under *Heck,* the Court dismissed the remaining federal constitutional claims, such as the First Amendment claim, Fourteenth Amendment claim, and vicarious liability claims against Defendants Jablonski and Tafoya Lucero, as Plaintiff had not alleged that Defendants Jablonski and Tafoya Lucero personally participated in those federal constitutional violations. *See* Doc. 135 at 14.

In his motion, Plaintiff does not cite to any well-pleaded allegations in his complaint which demonstrate the involvement of defendants Tafoya Lucero and Jablonski in the alleged violations of these federal constitutional rights. He gives conclusory assertions that they were involved, apparently believing they must have been involved because of their positions in the New Mexico Corrections Department. This type of conclusory allegation is not sufficient to allege personal involvement in a constitutional violation. *Ashcroft v. Iqbal,* 556 U.S. 662, 680 (2009) (allegations that departments heads knew of or agreed to subject plaintiff to harsh conditions of confinement as a matter of policy were conclusory and need not be taken as true). For the reasons stated in the Court's Memorandum Opinion and Order, Doc. 135, the Court declines to reconsider dismissal of these federal claims against Defendants Jablonski and Tafoya Lucero.

Plaintiff also objects to the dismissal of the vicarious liability claim (Count XI) as to Defendants Jablonski and Tafoya Lucero, as he would like to reserve the right to assert the claim in the future. The Court dismissed the vicarious liability claim (Count XI) to the extent it applied to the federal claims. As the Court explained in its order, vicarious liability is not available for claims alleging violation of the federal constitution under § 1983. Plaintiff has not provided any reason why that decision was incorrect. Therefore, his request to reconsider dismissal of Count XI is denied.

Finally, Plaintiff requests the Court clarify whether a judgment has been entered in this case. As noted above, Plaintiff moved to reconsider an interlocutory order. The Court has not entered final judgment under Rule 58, nor has any party requested that the Court issue a Rule 54(b) partial judgment.

### IV. Court denies Plaintiff's Third Motion to Appoint Counsel.

Plaintiff filed a third motion to appoint counsel. *See* Doc. 157. The Court denied Plaintiff's first two motions to appoint counsel. *See* Order on Pre-Screening Motions, Doc. 53; Doc. 134. The Court in its discretion declines to request *pro bono* counsel for Plaintiff in this civil rights case.

"Courts are not authorized to appoint counsel in [civil] … cases; Instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis. *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). This decision is a matter of discretion. *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). Relevant factors include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. Plaintiff states his case would be better pursued by counsel. Even assuming this is true, this argument does not persuade the Court to take the extraordinary step of contacting local attorneys for *pro bono* representation. Mr. Boulden is capable of adequately presenting his claims and appears to have a firm grasp of the fundamental issues in this case. The facts are not particularly complex. Plaintiff asserts there will be numerous documents to consult with the *Martinez* report. However, the Tenth Circuit does not *require* the appointment of counsel when cases go to *Martinez* reports under these circumstances. Moreover, the *Martinez* reports which have been filed do not appear to be particularly burdensome. *See* Docs. 162, 164. The Court will therefore deny the Motion to Appoint Counsel (Doc. 157).

## CONCLUSION

Plaintiff has not shown that the Court erred either in either of its two opinions (Docs. 134, 135). For the reasons stated herein and in the Court's prior orders (Docs. 134, 135), the Court

denies Plaintiff's motions to reconsider. The Court also denies Plaintiff's third motion to appoint counsel.

**IT IS THEREFORE ORDERED** that the Motion to Reconsider Partial Judgment (Doc. 137) is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Reconsider Judgment (Doc. 145) is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiff's third Motion to Appoint Counsel (Doc. 157) is **DENIED**.

                                                                                                             /s/
                                                                                                           KEA W. RIGGS
                                                                                                            UNITED STATES DISTRICT JUDGE