IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD ALAN BOULDEN,

        Plaintiff,

        v.                                                    No. 1:21-cv-00440 KWR/JHR

JERRY ROARK, DAVID JABLONSKI,
CECELIA HERNANDEZ,
NEW MEXICO DEPARTMENT OF CORRECTIONS,
GEO GROUP, INC.,
GEO LEA COUNTY CORRECTIONAL FACILITY,
DWAYNE SANTISTEVAN, *Warden,*
ALISHA TAFOYA LUCERO, *Secretary of Corrections,*

        Defendants.

## ORDER ADOPTING IN PART PROPOSED FINDINGS AND RECOMMENDATION

This matter is before the Court on Judge Jerry H. Ritter's Proposed Findings and Recommended Disposition ("PFRD"). Doc. 188. In that PFRD, Judge Ritter recommends that the Court dismiss the remaining federal claims (Counts V and X) against the GEO Group Defendants (Geo Group, Inc., Dwayne Santistevan, and Cecilia Hernandez) and grant their motion for summary judgment in part (Doc. 163). Doc. 188. at 19. Judge Ritter notified the parties that they had 14 days from service of the PFRD to file any objections to the PFRD. *Id*. at 20. The deadline, with three additional days for mailing, ran on September 27, 2024. Plaintiff timely filed an objection to the PFRD.[1] *See* Doc. 190. Defendants did not object to the PFRD.

---

[1] Plaintiff asserts that he received the PFRD on September 18, 2024, but he does not seek an extension or assert he was unable to complete his objection in the time allotted.

However, the Court notes that Plaintiff has failed to file *specific* objections challenging the PFRD or explaining how the PFRD erred. Objections must be "both timely and specific" to be preserved for review by a district court. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (expressly holding that failure to file specific objections waives review by *both* the district court and appellate court). "[T]he filing of objections ... enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," and only objections that clearly "focus the district court's attention" on the central disputes will be considered. *Id.* at 1059-1060. Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are also deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Plaintiff generally references his arguments opposing summary judgment but does not explain or demonstrate how the PFRD erred. For example, as to the First Amendment claim he does not explain how the PFRD erred in analyzing the *Turner* factors. Rather, he expressly incorporates his prior arguments opposing summary judgment. *See* Doc. 190 at 1 (incorporating Docs. 171, 172, and 173). Moreover, his arguments do not address most of the proposed findings and conclusions in the PFRD. The Court therefore finds that his objection is generally insufficient to preserve *de novo* review, as it does not focus the Court's attention to the factual and legal issues that are at the heart of the dispute.

Alternatively, Plaintiff's objections are not well taken. At issue in the PFRD was whether the alleged refusal to allow Plaintiff to take his desired correspondence courses violated the First and Fourteenth Amendments. In his objection Plaintiff asserts that the length of time in which he was prohibited from taking courses – which he asserts was up to two years – abrogated any penological justification. This matter is before the Court on a summary judgment motion. In his objection he does not cite to the record or to evidence to support his assertion that he was prevented

2

from taking correspondence courses for up to two years. At the summary judgment stage, even *pro se* parties are required to support their factual assertions with citations to admissible evidence, and the Court is not required to search the record for a party. Fed. R. Civ. P. 56(a), (c).[2] Rather, the record establishes that the GEO Group did not prohibit him from enrolling in these courses. As demonstrated in the GEO Group's undisputed facts, Plaintiff was allowed to enroll in third-party correspondence courses, but he had trouble affording the fees until his family provided the money in March 2019. Doc. 163 at 10-12. In his objection he does not argue that the GEO Group was required to pay a third-party provider these fees for him. Any delay lasted a couple weeks to a few months. *See* GEO Group's *Martinez* Report, Doc. 162 at 7, UMF 17-20. Therefore, based on the undisputed summary judgment record and the PFRD, it does not appear that any delay is attributable to the GEO Group defendants, or that the length of any delay abrogated any penological justification. Therefore, this objection is overruled.

Plaintiff next argues that the Court erred in dismissing his claims regarding the denial of earned good time credit for completing educational courses. He also objects to the dismissal of these claims under *Heck*. The Court dismissed these claims in earlier proceedings in this case, and the good time credit claims were not at issue in the PFRD. Therefore, this objection is not relevant to the PFRD and is overruled.

Plaintiff's remaining objections generally do not explain why the PFRD should be rejected.

Alternatively, assuming Plaintiff's objection is sufficiently specific, the Court has conducted a *de novo* review of the record and of the PFRD in light of his objection. The Court

---

[2] *Pro se* parties are required to follow the same rules of procedure as other parties. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994), *citing Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir.1994) (citing several cases for principle that *pro se* parties must comply with same procedural rules that govern all other litigants).

finds no reason either in law or fact to depart from Judge Ritter's proposed findings and recommendation and will adopt the conclusions memorialized in the PFRD.

Therefore, the Court adopts the PFRD's recommendation to dismiss the remaining federal claims (Counts V and X) against the GEO Group Defendants. The Court reserves ruling on whether to decline to exercise supplemental jurisdiction over the remaining state law claims until the resolution of the federal claims against the remaining Defendants.

**IT IS THEREFORE ORDERED THAT**:

1. The Court ADOPTS in part Judge Ritter's Proposed Findings and Recommended Disposition (Doc. 188);

2. The GEO Group Defendants' Motion for Summary Judgment (Doc. 163) is GRANTED IN PART;

3. Defendants' Motion to Strike Plaintiff's Objection to certain replies (Doc. 183) is DENIED;

4. The remaining federal claims (Counts V and X) in this case against the GEO Group Defendants (Geo Group, Inc., Dwayne Santistevan, and Cecilia Hernandez) are dismissed with prejudice; and

5. The Court reserves ruling on whether to exercise supplemental jurisdiction over the remaining state law claims until the federal claims against the other defendants are addressed.

／S／_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE